UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-20733-KMM

BLUE HILL INVESTMENTS, LTD.,

    Plaintiff,

v.

CRISTINA VIEIRA DA SILVA,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE came before the Court upon Plaintiff Blue Hill Investments, Ltd.'s Motion for Judgment on the Pleadings (ECF No. 55). Defendant filed a Response (ECF No. 66) and Plaintiff replied (ECF No. 69). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court Denies Plaintiff's Motion and dismisses the action without prejudice.

**I.    BACKGROUND[1]**

This is an action for declaratory relief. Plaintiff Blue Hill Investments, Ltd. ("Blue Hill") seeks a judicial declaration that Plaintiff is the sole owner of several corporations (the "Subsidiary Corporations") which own and operate real and personal property in Florida. Additionally, Plaintiff requests a declaration that Defendant has no interest, of any nature, in any of the Subsidiary Corporations or their assets.

---

[1] Much of the factual background for this cause of action was thoroughly discussed in the Court's previous Order denying Defendant's Motion to Dismiss. (ECF No. 37). Accordingly, the Court will only highlight the portions of the record that are most relevant to the instant motion.

On April 3, 2013, Defendant commenced an action in a Brazilian court related to the dissolution of her marriage with Mr. Alvaro Americo da Silva (the "Brazilian Proceeding"). In the Brazilian Proceeding, Defendant asserted both a legal and equitable interest in the Subsidiary Corporations derived from Defendant's relationship with Mr. da Silva and Defendant's assertion that Mr. da Silva possessed an ownership interest in the Subsidiary Corporations. However, on July 24, 2013, the Eleventh Judicial Circuit Court in and for Miami-Dade County in Case No. 13-017431 (the "State Court Civil Action") granted summary judgment in favor of the Subsidiary Corporations declaring that Defendant's former husband, Mr. da Silva, does not have any interest in any of the Subsidiary Corporations.[2]

Shortly thereafter, Defendant filed an ancillary proceeding in state family court, Case No. 011192 FC (04) (the "State Court Family Action") seeking to preserve the marital assets in Florida. In January 2015, the Subsidiary Corporations sought leave to file an amended counterclaim and cross-claim for declaratory relief against Defendant and her former husband in the State Court Family Action. In the counterclaim, the Subsidiary Corporations sought a declaration from the family court that both the Defendant and Mr. da Silva do not possess any legal or equitable ownership interest in any of the Subsidiary Corporations. On March 31, 2015, the presiding state court judge ordered that the State Court Family Action be transferred to the General Civil Division, which had already determined issues relating to the ownership of the Subsidiary Corporations in the State Court Civil Action.

While the State Court Family Action was pending, Defendant moved to dismiss this action on the basis that similar proceedings involving the same issues were simultaneously occurring in state court. On July 7, 2015, this Court denied Defendant's motion on several

---

[2] The Court takes judicial notice of the filings in the Florida state court proceedings pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201.

2

grounds including that no parallel action involving the same parties and the same issues existed. Subsequently, the court presiding over the State Court Family Action granted summary judgment in favor of the Subsidiary Corporations on September 16, 2015 holding that neither Defendant nor her former husband possesses any legal or beneficial ownership interest in the Subsidiary Corporations. On November 4, 2015, Plaintiff moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *Moraes v. New Horizons of the Treasure Coast, Inc*., No. 12-CV-14155-KMM, 2013 WL 4009438, at *2 (S.D. Fla. Aug. 5, 2013). Accordingly, all material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A*., 774 F.3d 1329, 1335 (11th Cir. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*. A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co*., 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Notably, when

considering the entire pleadings, a court "may take judicial notice of and consider documents which are public records." *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citation omitted).

## III. DISCUSSION

Plaintiff now moves for judgment on the pleadings, arguing that two previous state court judgments unequivocally show that Defendant does not have any interest in the Subsidiary Corporations. Defendant responds by arguing that the Court should decline to exercise its discretion to issue a declaratory judgment and should instead dismiss the case on the basis that Plaintiff has already received the same relief it seeks here through a final state court judgment. Alternatively, Defendant asserts that the Court should dismiss the cause of action under the principle of *res judicata*.

### A. Justiciability of Plaintiff's Claims

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). On its face, the Declaratory Judgment Act echoes the "case or controversy" requirement of Article III of the United States Constitution and provides that a declaratory judgment may only be issued in the case of an "actual controversy."[3] *Walden v. Centers for Disease Control & Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d

---

[3] Thus, a plaintiff seeking relief under the Declaratory Judgment Act must base his claim upon a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

409, 414 (11th Cir. 1995). To determine whether a plaintiff has met this burden, a court must "look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Atlanta Gas*, 68 F.3d at 414 (citation omitted).

There is no dispute that at the time Plaintiff filed its Complaint a justiciable controversy existed. Defendant's representation to the court in the Brazilian Proceeding of her alleged ownership interest in the Subsidiary Corporations caused disruption to the daily operations of the Subsidiary Corporations and cast doubt on Plaintiff's ability to realize the benefit of its ownership. Compl. ¶¶ 15-19. Additionally, Defendant's claims prevented Plaintiff from exercising its rights to have the Subsidiary Corporations repay corporate debt and pay it dividends. *Id.* ¶ 23. Accordingly, the Court concludes that the facts as alleged in this declaratory judgment action present a justiciable controversy.

### B.     Court's Discretion to Enter Declaratory Judgment

Even though Plaintiff has adequately pled a justiciable controversy the Court still must determine whether to exercise its discretion to enter a declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *see also Edge Sys. LLC v. Aguila*, No. 1:14-CV-24517-KMM, 2015 WL 6447502, at *5 (S.D. Fla. Oct. 26, 2015). In fact, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (internal citations and quotations omitted). Although "district courts may not decline to hear actions for declaratory relief 'on the basis of whim or personal disinclination,' the standard is clearly generous." *Lumbermens Mut. Cas. Co. v. Ins. Co. of State*

*of Pa.*, 45 F. Supp. 2d 1349, 1351 (S.D. Fla. 1999); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137-38 (11th Cir. 2005) ("In short, the range of considerations available to the district court in deciding whether to entertain the declaratory action is vast and the deference afforded to its decision is substantial."). In light of this nonobligatory language, the Supreme Court cautioned that in the declaratory judgment context courts are governed by "considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. A district court should not grant a declaratory judgment unless such adjudication would serve a useful purpose. *Sierra Equity Grp., Inc. v. White Oak Equity Partners*, LLC, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (citing *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)).

The State Court Family Action summary judgment order entered on September 15, 2015 necessarily settled the issues for which the declaratory judgment is sought in this case. There the court determined that Defendant has no interest in the Subsidiary Corporations and Plaintiff owns the Subsidiary Corporations.[4] Having this Court echo what has already been declared by a court of competent jurisdiction would serve no useful purpose. After all, the purpose of

---

[4] In its Reply (ECF No. 69), Plaintiff devotes much of its argument to the fact that it was not a party to the State Court Family Action and that it is the real party in interest in the instant case. It is true that generally "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quotation omitted). However, the *Sturgell* Court recognized six categories of exceptions to the rule of nonparty preclusion. *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). The exception most relevant to the present case is whether Plaintiff's interests were adequately represented by the Subsidiary Corporations in the State Court Family Action. The Court finds that Plaintiff's interests were adequately represented and therefore *res judicata* is an alternative basis that warrants dismissal of the present action. Since Plaintiff is the sole owner of the Subsidiary Corporations and they share substantially similar identities there can be little doubt that Plaintiff had a "full and fair opportunity to litigate" the claims and issues settled in that suit. *See generally E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280 (11th Cir. 2004).

declaratory judgments is to provide "relief from uncertainty and insecurity with respect to rights, status, and other legal relations." *Whispering Pines of Royal Palm Beach Homeowners Ass'n, Inc. v. Comcast Cable Commc'ns, LLC*, No. 13-80142-CIV, 2014 WL 2807641, at *2 (S.D. Fla. June 20, 2014). Therefore, the Court exercises its ample discretion and declines to utilize this "remedial arrow in the district court's quiver." *Wilton*, 515 U.S. at 288.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 55) is DENIED. The case is DISMISSED without prejudice. Any pending motions are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of December, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record